UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDRE M. ROSS,<br><br>    Plaintiff,<br><br>v.<br><br>COUNTY OF LAKE, et al.,<br><br>    Defendants. | Case No. 24-cv-09475-JSC<br><br>**ORDER RE: MOTION TO DISMISS AMENDED COMPLAINT**<br><br>Re: Dkt. No. 27 |

Andre M. Ross sues County of Lake, Demetrius Donaldson, Jeffrey Mora, Corey Paulich, Rob Howe, Mireya G. Turner, and Officer C. Colen (collectively, "Defendants") alleging violations of his constitutional rights. (Dkt. No. 1.) After the Court granted Defendants' motion to dismiss, Mr. Ross filed an amended complaint. (Dkt. Nos. 24, 26.) Now pending before the Court is Defendants' motion to dismiss the amended complaint. (Dkt. No. 27.) Having carefully considered the parties' submissions, the Court concludes oral argument is not required, *see* N.D. Cal. Civ. L.R. 7-1(b), vacates the August 21, 2025 hearing, and GRANTS Defendants' motion to dismiss.

## COMPLAINT ALLEGATIONS

The Court's May 2025 order summarizes the allegations in Mr. Ross's prior complaint. (Dkt. No. 26 at 1-3.)[1] His amended complaint[2] adds allegations that Mr. Ross's motor vehicle was "lawfully parked on [his] residential address in Kelseyville, California in the County of Lake." (Dkt. No. 26 ¶ 1.) On approximately July 1, 2023, Mr. Ross "communicated [a] criminal activity

---

[1] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.

[2] In filing his amended complaint, Mr. Ross did not comply with the Court's standing orders, which require parties to "concurrently file a redlined or highlighted version comparing the amended pleading to the prior operative pleading." *See* Civ. Standing Order for District Judge Jacqueline Scott Corley at 2 (rev. Jan. 21, 2025).

report regarding the subject vehicle, and the damage(s) caused to that vehicle by persons then unknown, to the LAKE COUNTY SHERIFF'S OFFICE using that local law enforcement agency's internet based crime reporting system." (*Id.*) No defendant undertook action to investigate or respond to this report. (*Id.*)

On August 16, 2023, Officer C. Colen "appeared at Plaintiff's 8707 Wight Way, Kelseyville address in order to take photographs and to tag Mr. Ross's recently disabled motor-vehicle as a 'public nuisance' requiring removal thereby publicizing . . . the availability of a visibly intact, well-maintained and perhaps valuable motor vehicle." (*Id.* ¶ 2.)

On August 23, 2023, "a group of one or more persons equipped with burglary tools and Defendant COUNTY OF LAKE's false publication regarding the motor vehicle's 'abandoned' status, entered onto the Plaintiff's premises to complete their theft of the subject motor vehicle." (*Id.*) In response, Mr. Ross discharged a single warning shot "to audibly warn criminals observed engaging in criminal activity, from a safe distance, that the residents/occupants of 8707 Wight Way, Kelseyville were armed and would be able to defend themselves if need be." (*Id.*)

The amended complaint proceeds to describe Plaintiff's arrest, mugshot, and DNA swab in the same manner as the prior operative complaint. Because those allegations are summarized in the Court's prior order at Docket No. 24, the Court does not repeat them here.

The amended complaint asserts five causes of action. The first cause of action, brought under 42 U.S.C. § 1983, alleges all defendants deprived Mr. Ross of certain constitutional rights, including (a) the right to be free from unreasonable searches and seizures; (b) the right to be free from arrest without probable cause; (c) the right not to be deprived of life or liberty without due process of law; (d) the right to be free from the use of excessive force by police officers and other government actors; (e) the right to be free from cruel and unusual punishment; (f) the right to be free from interferences with the zone of privacy; and (g) the right to be free from inclusion in permanent government records branding an innocent citizen as a suspect of criminal activity. (*Id.* ¶ 24.) The second cause of action alleges County of Lake demonstrated deliberate indifference to the pattern and practice of "illegal search, seizure, and arrest of citizens, as well as the use of excessive force against citizens" in violation of section 1983. (*Id.* ¶ 27.) The third cause of action

2

against all defendants alleges Mr. Ross's arrest, booking mugshot, and DNA swab violated his privacy and constitutional rights. (*Id.* ¶¶ 31-33.) The fourth cause of action, a Bane Act claim, alleges a violation of Plaintiff's constitutional rights. (*Id.* ¶¶ 37-38.) The fifth cause of action alleges all defendants violated the Fourth Amendment "[b]y entering onto the subject Premises and/or the curtilage of that residential real property, without the property owner's prior consent." (*Id.* ¶ 41.)

## DISCUSSION

Defendants move to dismiss the amended complaint. Because various and overlapping claims are asserted across the five causes of action, the Court organizes this order by claim rather than by cause of action.

### I. VEHICLE INSPECTION/TAGGING

#### A. Fourth Amendment Claim

Mr. Ross's fifth cause of action alleges "all defendants" violated the Fourth Amendment "[b]y entering onto the subject Premises and/or the curtilage of that residential real property, without the property owner's prior consent and without an inspection warrant justifying any such entry, in order to post an order requiring removal of a lawfully parked motor vehicle." (Dkt. No. 26 ¶ 41.) Mr. Ross asserts this "is a violation of 41 U.S.C. §§ 1983 and 1985[3]." (*Id.*) Similarly, Mr. Ross's first cause of action alleges "all defendants" violated his constitutionally protected rights, including "[t]he right to be free from unreasonable searches and seizures, as guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution." (*Id.* ¶ 24(a).) Defendants move to dismiss these claims on the ground the amended complaint fails to establish a reasonable expectation of privacy.

The Court agrees. As the Court's prior order explained:

> For Fourth Amendment purposes, the question is whether Mr. Ross

---

[3] The Court disregards Mr. Ross's reference to section 1985 here and elsewhere in the amended complaint. In its prior order, the Court granted Defendants' motion to dismiss Mr. Ross's section 1981, 1985, and 1986 claims without leave to amend because "Mr. Ross fail[ed] to allege race-based discriminatory animus or that race was a but-for cause of an injury" and because "Mr. Ross stated he does not seek leave to amend these claims." (Dkt. No. 24 at 12, 14.)

> "exhibited an actual, subjective expectation of privacy in the area entered" and if so, whether that expectation is "one that society is prepared to accept as reasonable and therefore legitimate." *Maisano v. Welcher*, 940 F.2d 499, 503 (9th Cir. 1991). To establish a reasonable expectation of privacy in a driveway, for example, a plaintiff "must support that expectation by detailing the special features of the driveway itself (i.e. enclosures, barriers, lack of visibility from the street) or the nature of activities performed upon it." *Id.*

(Dkt. No. 28 at 5.) The Court continued: "Because the complaint fails to allege facts regarding the location of his vehicle and his reasonable expectation of privacy in that location, Mr. Ross fails to allege a Fourth Amendment claim related to the tagging of his vehicle." (*Id.*)

The amended complaint suffers the same flaw. Mr. Ross alleges in late June 2023, his motor vehicle was "lawfully parked on Plaintiff ANDRE M. ROSS ("Plaintiff ROSS" or "Mr. Ross") residential address in Kelseyville, California in the County of Lake." (Dkt. No. 26 ¶ 1.) Mr. Ross also alleges the abatement notice was posted on August 16, 2023, when Officer Colen "appeared at Plaintiffs 8707 Wight Way, Kelseyville address in order [sic] take photographs and to tag Mr. Ross's recently disabled motor-vehicle as a 'public nuisance.'" (*Id.* ¶ 2.) Even assuming Mr. Ross did not move the vehicle between late June 2023 and August 16, 2023, that the vehicle was on Mr. Ross's property is alone insufficient to support a plausible inference Mr. Ross had a reasonable expectation of privacy in that location. In *United States v. Humphries*, 636 F.2d 1172, 1178 (9th Cir. 1980), an officer entered the defendant's private driveway to check the license plate on a car parked there. The Ninth Circuit "conclude[d] that the entry and identification did not violate any reasonable expectation of privacy held by [the defendant]," noting the car "was visible from the street" and it did "not appear from the record that the driveway was enclosed by a fence, shrubbery or other barrier." *Id.* at 1179. Similarly here, Mr. Ross again fails to allege facts supporting an inference he had a reasonable expectation of privacy in the location where the car was parked. Mr. Ross's amended complaint, like his prior complaint, fails to allege where specifically the car was parked and what features—fence, shrubbery, etc.— support his reasonable expectation of privacy in that area. *See id.* ("Although a driveway may be private under common law notions of property, it may not be for purposes of the fourth amendment."). So, Mr. Ross fails to state a claim any defendant violated his Fourth Amendment

4

rights when his car was tagged for abatement.

### B.     Fourteenth Amendment Claim

The fifth cause of action alleges "[b]y entering onto the subject Premises, and/or the curtilage of that residential real property, without prior notice given to the owners of a lawfully parked motor vehicle or a duly noticed opportunity for a hearing, Defendants, and each of them, violated the Fourteenth Amendment to the Unites States Constitution, which is a violation of 41 U.S.C. §§ 1983 and 1985." (Dkt. No. 26 ¶ 42.) Defendants move to dismiss on the ground Plaintiff's amended complaint fails to show any Fourteenth Amendment violation occurred. The Court agrees. Its prior order noted "Mr. Ross fails to allege facts supporting a reasonable inference his Fourteenth Amendment rights were violated," (Dkt. No. 24 at 6), and Mr. Ross has not added any allegations regarding this claim. So, Mr. Ross fails to state a claim any defendant violated his Fourteenth Amendment rights when his car was tagged for abatement.

***

The Court GRANTS Defendants' motion to dismiss the vehicle tagging claims without leave to amend. Under Federal Rule of Civil Procedure 15(a), "leave to amend should be granted unless amendment would cause prejudice to the opposing party, is sought in bad faith, is futile, or creates undue delay." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607 (9th Cir. 1992). Here, the Court identified the deficiencies in Mr. Ross's prior complaint and provided Mr. Ross leave to amend. Mr. Ross's amended complaint did not cure the deficiencies. "To give plaintiff leave to amend his complaint a second time . . . would constitute undue delay and prejudice to defendants." *See Arkens v. Cnty. of Sutter*, No. CV 2:16-951 WBS KJN, 2016 WL 5847036, at *6 (E.D. Cal. Oct. 6, 2016). So, dismissal is without leave to amend. *See Soliman v. Philip Morris Inc.*, 311 F.3d 966, 976 (9th Cir. 2002) ("In light of [the plaintiff's] previous failed attempt to amend his complaint, the district court did not abuse its discretion in denying further leave to amend.").

## II.    UNLAWFUL ARREST

Mr. Ross's first cause of action alleges all defendants deprived him of "certain constitutionally protected rights, including . . . [t]he right to be free from arrest without probable

cause, as guaranteed by the Fourth and Fourteenth Amendments." (Dkt. No. 26 ¶ 24(b).) Mr. Ross's third cause of action similarly alleges "the arresting officers DID NOT have reasonable suspicion and/or probable cause to arrest Plaintiff ROSS."[4] (*Id.* ¶ 30.)

Defendants move to dismiss these unlawful arrest claims on the ground Mr. Ross's admission of firing a shotgun with persons nearby supports probable cause for an arrest. Specifically, Defendants argue Mr. Ross's allegations "reveal probable cause" for a violation of California Penal Code section 246.3, in addition to other penal code sections. (Dkt. No. 27 at 9.) Section 246.3 creates an offense when "any person . . . willfully discharges a firearm in a grossly negligent manner which could result in injury or death to a person." "California courts have defined the elements of a section 246.3 offense to include: '(1) the defendant unlawfully discharged a firearm; (2) the defendant did so intentionally; and (3) the defendant did so in a grossly negligent manner which could result in the injury or death of a person.'" *United States v. Coronado*, 603 F.3d 706, 711 (9th Cir. 2010) (quoting *People v. Overman*, 126 Cal. App. 4th 1344, 1361 (2005)).

The Court agrees with Defendants. Although the amended complaint adds allegations related to the shotgun's discharge, those allegations fall short of supporting a plausible inference that Mr. Ross's arrest was without probable cause. The amended complaint characterizes the incident as "a law-abiding citizen's firing of a single shotgun shell from a location approximately twenty-five yards away from the vehicle that had been broken into." (Dkt. No. 26 ¶ 2.) It continues:

> That single discharge was a safe, sober and appropriate "California warning shot" made by a law-abiding gun owner in defense of self and in defense of personal property. The discharge was made to audibly warn criminals observed engaging in criminal activity, from a safe distance, that the residents/occupants of 8707 Wight Way, Kelseyville were armed and would be able to defend themselves if need be. Plaintiff informed defendants before his arrest that the discharge was made to "scare away" the persons then breaking into the Plaintiffs motor vehicle. Before the subject discharge, Plaintiff had no way to safely determine how many persons were involved in said activities and Plaintiff had no way to determine in advance

---

[4] Although Mr. Ross's fifth cause of action is titled "unlawful seizure/detention/arrest," the corresponding allegations pertain to the tagging of Mr. Ross's vehicle, not his arrest.

whether or not any of the intruders were carrying a firearm.

(*Id.*)

That the shot was "safe, sober and appropriate" and that it was fired "from a safe distance" are conclusions, whereas a complaint must contain factual allegations. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A pleading that offers labels and conclusions . . . will not do.") (cleaned up). And the factual allegations themselves are lacking. The amended complaint alleges "[t]he real properties in the vicinity of 8707 Wight Way, Kelseyville are rural, remote and well separated," (Dkt. No. 26 ¶ 2), which supports an inference neighbors were not nearby when Mr. Ross fired the "warning shot." Nevertheless, Mr. Ross still fails to allege where he stood when he fired the "warning shot," in what direction he fired it, and the location of the individuals he intended to "scare away" when he fired the shot. Meanwhile, Mr. Ross alleges "[b]efore the subject discharge, [he] had no way to safely determine how many persons were involved in said activities and . . . no way to determine in advance whether or not any of the intruders were carrying a firearm." (Dkt. No. 26 ¶ 2.) That Mr. Ross could not ascertain facts about the individual(s) on his property before he fired the warning shot supports an inference the officers had probable cause to arrest Mr. Ross for a violation of Penal Code section 246.3—that is, his inability to see them supports an inference the discharge was grossly negligent. The amended complaint also alleges "there were no physical injuries caused to any person involved in any criminal activity," "no physical injuries caused to any onlookers or bystanders or nosy neighbors then present," and no property damage. (Dkt. No. 26 ¶ 2.) But California Penal Code section 246.3 "does not require any intent to cause harm." *See Coronado*, 603 F.3d at 711.

Moreover, like the prior complaint, the amended complaint lacks facts about what the arresting officers knew. *See Luchtel v. Hagemann*, 623 F.3d 975, 979 (9th Cir. 2010) ("Probable cause exists when under the totality of circumstances known to the arresting officers, a prudent person would have concluded that there was a fair probability that the suspect had committed a crime.") (cleaned up). The amended complaint alleges Mr. Ross "informed defendants before his arrest that the discharge was made to 'scare away' the persons then breaking into the Plaintiffs motor vehicle." (Dkt. No. 26 ¶ 2.) It also alleges the arresting officers "received self-interested

7

verbal reports from bystanders of what might have been, at most, a misdemeanor offense in a more densely populated neighborhood." (*Id.*) But Mr. Ross still does not allege he told the arresting officers where he stood when he fired the shot, in what direction he fired it, and where the intruders were at the time. So, even drawing inferences in Mr. Ross's favor, the amended complaint does not plausibly allege the arresting officers lacked probable cause to conclude Mr. Ross discharged a shotgun in grossly negligent manner. *See People v. Nieto Benitez*, 4 Cal. 4th 91, 114 (1992) (Mosk. J., concurring) (hypothesizing that if, "in a remote part of a rural county, a hunter, for no apparent reason, fired a bullet into the air at a 45–degree angle, causing a human death on the ground some distance away," such act would be illegal under section 246.3 because it "could result in injury or death" and "was somewhat dangerous even though performed in a thinly populated area").

In his "declaration in opposition to defendant(s)' motion(s) to dismiss," Mr. Ross asserts the officers lacked probable cause to arrest him for destroying and concealing evidence in violation of Penal Code section 135. (Dkt. No. 29 at 3.) However, on a motion to dismiss, a court cannot look to matters beyond the complaint without converting the motion into one for summary judgment. Fed. R. Civ. P. 12(d). There are exceptions to this rule for materials incorporated by reference or subject to judicial notice, but Mr. Ross does not argue either exception, nor is either exception appropriate here. So, the Court cannot consider Mr. Ross's testimony in his declaration in ruling on Defendants' motion to dismiss.

Even if the statements in Mr. Ross's declaration were alleged in the complaint, it would not change the Court's analysis. "As long as the officers had some reasonable basis to believe [Mr. Ross] had committed a crime, the arrest is justified as being . . . based on probable cause." *See Blankenhorn*, 485 F.3d at 473. As described above, accepting all facts in the amended complaint as true and drawing all inferences in Mr. Ross's favor, the amended complaint does not plausibly support an inference the arresting officers lacked probable cause to arrest Mr. Ross. To the contrary, it supports an inference the arresting officers had probable cause to arrest Mr. Ross for violating section 246.3; whether there was probable cause to also arrest Mr. Ross for violating section 135 is irrelevant to Mr. Ross's unlawful arrest claim. *See id.* ("Probable cause need only

exist as to any offense that could be charged under the circumstances.").

So, the Court GRANTS Defendants' motion to dismiss the unlawful arrest claims without leave to amend. Even were Mr. Ross to amend his complaint to include the statements in his declaration, the complaint would not state a section 1983 claim for unlawful arrest. So, amendment would be futile. *See Johnson*, 975 F.2d at 607. Furthermore, because the Court previously identified the deficiencies with this cause of action and Mr. Ross failed to cure them, granting further leave to amend would prejudice Defendants. *See id.*

### III. DNA SWAB

Mr. Ross's first cause of action alleges all defendants deprived him of "certain constitutionally protected rights, including . . . [t]he right to be free from interferences with the zone of privacy, as protected by the Fourth and Ninth Amendments." (Dkt. No. 26 ¶ 24(f).) And his third cause of action alleges "Defendants, and each of them, acted in order to forcefully seize a sample of Plaintiff ROSS's DNA following his arrest . . . in violation of Plaintiff[] ROSS's privacy right(s)." (Dkt. No. 26 ¶ 33.) Defendants move to dismiss the DNA swab claim on the ground Plaintiff was charged with a felony.

As the Court's prior order explained, in *Haskell v. Harris*, 745 F.3d 1269, 1271 (9th Cir. 2014), the Ninth Circuit considered whether "California's DNA collection scheme [is] constitutional as applied to *anyone* arrested for, or charged with, a felony offense by California state or local officials." In light of *Maryland v. King*, 569 U.S. 435 (2013), the Ninth Circuit concluded "the answer is clearly yes." *Haskell*, 745 F.3d at 1271. *King* and *Haskell* involved individuals arrested for felony offenses. Because Mr. Ross's prior complaint did not allege on what grounds he was arrested—whether for a felony or misdemeanor offense—the Court dismissed the DNA swab claims.

The amended complaint suffers the same flaw. Mr. Ross still does not allege on what ground he was arrested. On this point, Defendants ask the Court to take judicial notice of Mr. Ross's arrest report, which they assert shows the arresting charge was "a felony arrest for violation of section 246.3(A) of California Penal Code: Willful discharge of firearm in a grossly negligent manner – Aggravated." (Dkt. No. 27 at 11; Dkt. No. 27-1.) While a court may take judicial notice

of "matters of public record," the court may not do so for the truth of the facts recited therein. *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001); *see also United States v. Ritchie*, 342 F.3d 903, 909 (9th Cir. 2003) ("[T]he existence and content of a police report are not properly the subject of judicial notice.") (cleaned up).  So, the Court declines to take judicial notice of the arrest report's representation that Mr. Ross was charged with a felony.  Nevertheless, because Mr. Ross himself does not allege on what ground he was arrested, he has not plausibly alleged the DNA swab was unconstitutional.

So, the Court GRANTS Defendants' motion to dismiss the DNA swab claim without leave to amend.  As with the claims above, the Court's prior order specifically identified the deficiencies in Mr. Ross's complaint, and the amended complaint did not cure those deficiencies.

## IV.   *MONELL* CLAIMS

Defendants move to dismiss any *Monell* claim asserted against the County because "Plaintiff cannot establish any underlying constitutional violation" and because "Plaintiff has still not alleged any policy attributable to the County." (Dkt. No. 27 at 12-13.) The Court agrees in both regards.  First, as discussed above, Mr. Ross does not allege a violation of his Fourth or Fourteenth Amendment rights. *See Dougherty v. City of Covina*, 654 F.3d 892, 900 (9th Cir. 2011) ("In order to establish liability for governmental entities under *Monell,* a plaintiff must prove . . . that [the plaintiff] possessed a constitutional right of which he was deprived.") (cleaned up).

Second, Mr. Ross does not allege a County of Lake "deliberate policy, custom, or practice . . . was the moving force behind [a] constitutional violation [he] suffered." *See Vanegas v. City of Pasadena*, 46 F.4th 1159, 1167 (9th Cir. 2022).  Mr. Ross's second cause of action contains allegations resembling a recitation of the *Monell* elements. Mr. Ross alleges (1) County of Lake "has been given notice on repeated occasions of a pattern of ongoing constitutional violations and other practices by defendants named herein . . . consisting of the use of the illegal search, seizure, and arrest of citizens, as well as the use of excessive force against citizens"; (2) despite notice, County of Lake "fail[ed] to take necessary, appropriate, or adequate measures to prevent the continued perpetuation of said pattern of conduct"; and (3) the lack of an adequate response

1  "demonstrates the existence of an informal custom or policy which tolerates and promotes the
2  continued illegal search, seizure, and arrest of citizens, as well as the continued use of excessive
3  force against citizens by officers employed by Defendant LAKE COUNTY SHERIFF'S
4  OFFICE."  (Dkt. No. 26 ¶ 27.)  But these allegations fail to specify what constituted the "informal
5  custom or policy."

6  So, the Court GRANTS Defendants' motion to dismiss the *Monell* claims.  That said, the
7  Court grants Mr. Ross leave to amend his complaint for purposes of alleging County of Lake had a
8  policy of posting photographs of arrestees and such policy violates his constitutional rights.  Mr.
9  Ross embeds this claim in other causes of action, alleging Defendants deprived him "of certain
10 constitutionally protected rights, including . . . [t]he right to be free . . . from . . . inclusion in
11 permanent government records branding an innocent citizen as a suspect of criminal activity."
12 (Dkt. No. 26 ¶ 24(e), (g).)  Mr. Ross also alleges Defendants "acted to publically [sic] post and
13 published on the internet the 'LCSO Mugshot' . . . in violation of Plaintiff ROSS's due process
14 rights under the Fourteenth Amendment."  (*Id.* ¶ 32.)  By embedding the claim in this way, Mr.
15 Ross disregarded the Court's prior order that the amended complaint "set forth each separate claim
16 in a separate cause of action and each cause of action . . . identify the specific defendant(s) against
17 whom the claim is made."  (Dkt. No. 24 at 14-15.)  However, as the Court previously noted, Mr.
18 Ross's amended complaint may be able to state a claim against County of Lake for its policy of
19 posting arrestees' photographs.  *See, e.g.*, *Maricopa, Cnty. of, Arizona*, 116 F.4th 935, 939, 947
20 (9th Cir. 2024) (holding "Maricopa County's policy of posting photographs of arrestees" was not
21 "constitutionally permissible" since "[t]he state may not punish pretrial detainees without an
22 adjudication of guilt").  While the claim was improperly embedded alongside other claims,
23 Defendants' motion to dismiss does not address the legal sufficiency of this claim.  Therefore, the
24 Court GRANTS Mr. Ross leave to amend the claim regarding posting photographs of arrestees.
25 But dismissal of all other *Monell* claims is without leave to amend.

26 **V.    TOM BANE CIVIL RIGHTS ACT**
27 Defendants assert "the Bane Act claim (and all state law claims) is untimely and barred for
28 failure to comply with California Government Code section 945.6."  (Dkt. No. 27 at 14.)

11

"Government Code section 945.6, subdivision (a)(1) prescribes that an action against a public entity must be brought within six months of written notice of a claim denial." *Him v. City & Cnty. of San Francisco*, 133 Cal. App. 4th 437, 441 (2005). "Timely claim presentation is not merely a procedural requirement, but is a condition precedent to plaintiff's maintaining an action against defendant, and thus an element of the plaintiff's cause of action." *A.M. v. Ventura Unified Sch. Dist.*, 3 Cal. App. 5th 1252, 1257 (2016) (cleaned up). As such, "complaints that do not allege facts demonstrating either that a claim was timely presented or that compliance with the claims statute is excused are subject to [dismissal] for not stating facts sufficient to constitute a cause of action." *Rubenstein v. Doe No. 1*, 3 Cal. 5th 903, 906 (2017).

The amended complaint, like the prior complaint, alleges Mr. Ross "filed a timely government tort claim with Defendant COUNTY OF LAKE on February 20, 2024, which was subsequently rejected *on or about* June 24[,] 2024." (Dkt. No. 26 ¶ 22 (emphasis added).) By alleging rejection "on or about June 24," Mr. Ross again fails to allege an exact date for purposes of calculating the section 945.6 filing deadline. As the Court's prior order stated, "[i]f the rejection date for purposes of section 945.6 was precisely June 24, 2024, then the deadline to file the complaint was December 24, 2024, and the complaint filed on December 30, 2024 was untimely." (Dkt. No. 24 at 10.)

Defendants note that, as stated in their prior motion to dismiss, they "understand that the proof of service shows the actual date of mailing for the Government Tort Claim was June 26, 2024." (Dkt. No. 27 at 5 n.1.) "The statute of limitations period is triggered from the date the notice is deposited in the mail by the public entity, and not the date it is received by the claimant or counsel." *Him*, 133 Cal. App. 4th at 445. But even if the statute of limitations began running on June 26, 2024, the deadline to file would be December 26, 2024, so the complaint filed on December 30, 2024 was still untimely. *See Edgington v. Cnty. of San Diego*, 118 Cal. App. 3d 39, 42 (1981) (affirming that a complaint filed "one day too late" was barred by the statute of limitations in section 945.6(a)(1)).

In his "declaration in opposition to defendant(s)' motion(s) to dismiss," Mr. Ross attaches a photocopy of his Bay Area Fastrack transactions, which "accurately reflects [his] vehicle having

12

crossed the Golden Gate Bridge on Tuesday, December 24, 2025 at approximately 5:24 p.m., during the course of driving from [his] home in Lake County to the Court Clerk's counter for the United States District Court of the Norther[n] District in order to hand-file [his] initial pleading in this civil action." (Dkt. No. 29 ¶ 2.) As discussed above, the Court cannot consider this declaration in ruling on Defendants' motion to dismiss. Accepting as true that Mr. Ross's claim was rejected on June 24, 2024—which is what is alleged in the amended complaint—Mr. Ross had to file his complaint by December 24, 2024 to comply with California Government Code section 945.6. Because Mr. Ross filed the present complaint on December 30, 2024, the complaint was untimely based on the complaint's allegations.

The Court therefore GRANTS Defendants' motion to dismiss the Bane Act claim. The dismissal is without leave to amend. In considering whether Mr. Ross could amend this claim, the Court draws all inferences in Mr. Ross's favor, including inferences from assertions Mr. Ross made not in the complaint, but in oppositions and declarations. So, the Court assumes Mr. Ross could amend his complaint to allege the statute of limitations period began running on June 26, 2024—the day, according to Defendants, the notice was deposited in the mail—meaning the complaint had to be filed by December 26, 2024. The Court also assumes Mr. Ross could amend his complaint to allege he went to the courthouse on December 24, 2024, only to find the courthouse had closed early due to the holiday. Finally, the Court assumes Mr. Ross could amend the complaint to allege he hand-delivered the complaint "to the Court Clerk's Reception Box on Friday, December 27, 2024," which "was not back-dated by the Court Clerk who received the filing the following Monday." (Dkt. No. 18 at 5.) But whether he filed his complaint on December 27 or December 30, 2024, both are after the December 26, 2024 filing deadline. Mr. Ross does not allege or assert the courthouse was closed on December 26, 2024. So, the Court denies Mr. Ross's request to amend his Bane Act claim because amendment would be futile.

## VI.   INDIVIDUAL DEFENDANTS

Defendants assert Mr. Ross "fails to state sufficient facts identifying any particular conduct that plausibly states claims for relief under the constitution" as against Defendants Deputy

13

1  Donaldson, Deputy More, Deputy Paulich, and Sheriff Howe.[5] (Dkt. No. 27 at 13.) Previously,
2  the Court dismissed the individual capacity claims against Defendants Donaldson, Mora, Paulich,
3  and Howe because "[a]side from the recitation of the parties . . . , the complaint contain[ed] no
4  mention" of Defendants Donaldson, Mora, Paulich, and Howe. (Dkt. No. 24 at 14.) The amended
5  complaint is the same. Mr. Ross does not allege these officials through their individual actions
6  violated the Constitution.

7  The filings Mr. Ross submitted in opposition to Defendants' motion to dismiss reference
8  Defendants Mora, Donaldson, and Howe. Specifically, Mr. Ross's opposition asserts Deputy
9  Mora and Deputy Donaldson's contention that Mr. Ross "took any action(s) to destroy or conceal
10 any evidence on August 23, 2023 was false" and made to supply a false justification for arrest.
11 (Dkt. No. 29 at 3.) And his declaration in support of his opposition to the motion to dismiss
12 asserts Deputies Donaldson and Mora and Sheriff Howe failed to investigate the break-in into Mr.
13 Ross's vehicle. (Dkt. No. 30 at 3-4.) But the amended complaint does not contain these
14 allegations, and as discussed above, the Court cannot look to matters beyond the complaint on this
15 motion to dismiss. Moreover, as discussed above, whether the officers had probable cause to
16 arrest Mr. Ross for destroying or concealing evidence does not alter the conclusion about whether
17 the officers had probable cause to arrest Mr. Ross. Because the statements in Mr. Ross's
18 opposition fail to cure the deficiencies previously identified in the complaint, the Court concludes
19 amendment would be futile and dismisses the individual capacity claims against Defendants
20 Donaldson, Mora, Paulich, and Howe without leave to amend.[6]

---

[5] In parts of this section of their motion, Defendants state the complaint is insufficient as to Defendants Donaldson, Mora, Paulich, and Howe. (Dkt. No. 27 at 13.) Later in that same section, the motion excludes Defendant Howe. (*Id.* (arguing Mr. Ross fails to state a claim "against Defendants Deputy Donaldson, Deputy Mora or Deputy Paulich.").) The Court understands Defendants to have moved to dismiss claims against Defendants Donaldson, Mora, Paulich, *and* Howe.

[6] The amended complaint sues the individual defendants in their individual and official capacities. (Dkt. No. 26 ¶¶ 10, 12, 13, 14, 16.) The Court's prior order "dismisse[d] the official capacity claims against Rob Howe, Demetrius Donaldson, Jeffrey Mora, Corey Paulich, and Mireya Turner without leave to amend as redundant of the claims against the County and its departments." (Dkt. No. 24 at 14.) Defendants argue "[i]nsofar as Plaintiff has re-alleged his 'official capacity' claims despite those being dismissed with prejudice . . . , those should be stricken." (Dkt. No. 27 at 12 n.3.) The Court agrees and disregarded official capacity allegations.

14

**CONCLUSION**

For the reasons stated above, the Court GRANTS Defendants' motion to dismiss. Except for Mr. Ross's claim about the posting of his arrest photograph, the claims are dismissed without leave to amend. If Mr. Ross files an amended complaint, it should only include facts related to his claim that County of Lake posted his mugshot in violation of his constitutional rights. It should not include defendants or claims that have been dismissed without leave to amend. Moreover, Mr. Ross may not amend his other claims, nor may he add additional claims or defendants, without first seeking leave of the court. The deadline to file an amended complaint is September 9, 2025. If Mr. Ross does not file an amended complaint, judgment will be entered in Defendants' favor on all claims, including the posting the mugshot claim.

This Order disposes of Docket No. 27.

**IT IS SO ORDERED.**

Dated: August 7, 2025

JACQUELINE SCOTT CORLEY
United States District Judge

15