UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDRE M. ROSS,<br><br>  Plaintiff,<br><br>  v.<br><br>COUNTY OF LAKE, et al.,<br><br>  Defendants. | Case No. 24-cv-09475-JSC<br><br>**ORDER STRIKING PLAINTIFF'S SECOND-AMENDED COMPLAINT** |

Andre Ross, a California-licensed attorney, filed suit on December 30, 2024. (Dkt. No. 1.) The Court granted Defendants' motion to dismiss with leave to amend. (Dkt. No. 24.) Mr. Ross filed an amended complaint, which Defendants again moved to dismiss. (Dkt. Nos. 26, 27.) On August 7, 2025, the Court granted Defendants' motion to dismiss Mr. Ross's amended complaint. (Dkt. No. 32.) The order provided specific instructions about filing an amended complaint:

> Except for Mr. Ross's claim about the posting of his arrest photograph, the claims are dismissed without leave to amend. If Mr. Ross files an amended complaint, it should only include facts related to his claim that County of Lake posted his mugshot in violation of his constitutional rights. It should not include defendants or claims that have been dismissed without leave to amend. Moreover, Mr. Ross may not amend his other claims, nor may he add additional claims or defendants, without first seeking leave of the court. The deadline to file an amended complaint is September 9, 2025.

(*Id.* at 15.)

Mr. Ross timely filed a second amended complaint. (Dkt. No. 34.) But this second amended complaint violates the Court's August 7, 2025 order. For example, although the Court dismissed the individual and official capacity claims against "Defendants Donaldson, Mora, Paulich, and Howe without leave to amend," (Dkt. No. 32 at 14 & n.6), and although the Court's order stated an amended complaint "should not include defendants . . . that have been dismissed

without leave to amend," (*id.* at 15), the second amended complaint names Howe, Donaldson, Mora, and Paulich as defendants. (Dkt. No. 34 ¶¶ 27, 29-32.) Similarly, although the Court dismissed the vehicle tagging, unlawful arrest, and Bane Act claims without leave to amend, (Dkt. No. 32 at 5, 9, 13), and although the Court's order stated the amended complaint "should not include . . . claims that have been dismissed without leave to amend," the second amended complaint alleges unlawful arrest, vehicle tagging, and Bane Act claims. (Dkt. No. 34 at 17-20.) Moreover, the Court's August 7, 2025 order stated an amended complaint "should only include facts related to [Mr. Ross's] claim that County of Lake posted his mugshot in violation of his constitutional rights." (Dkt. No. 32 at 15.) But the second amended complaint retains and expands on facts unrelated to the mugshot claim, such as facts regarding the tagging of Mr. Ross's vehicle and his firing of a "warning shot."

If Mr. Ross desired to amend his complaint to include defendants and claims the Court dismissed without leave to amend, Mr. Ross had to seek leave from the Court. (Dkt. No. 32 at 15 ("Mr. Ross may not amend his other claims, nor may he add additional claims or defendants, without first seeking leave of the court.").) Mr. Ross did not do so. Although his second amended complaint is labeled on ECF as "Motion to Amend/Correct," the document itself is titled Second-Amended Verified Complaint for Damages. (Dkt. No. 34.) The Court will not construe the filing as a motion seeking leave to amend because it does not comply with the requirements set forth in Northern District Civil Local Rules 7-1, 7-2, and 7-4.

Because it violates the Court's prior orders, the Court STRIKES Mr. Ross's filing at Docket No. 32. While Mr. Ross's appellate rights with respect to the non-mugshot claims are preserved, those claims may not be alleged in an amended complaint. Mr. Ross's deadline to file an amended complaint is extended to September 24, 2025. If that filing does not comply with the Court's August 7, 2025 order, the Court will enter judgment in favor of Defendants.

//
//
//

This Order disposes of Docket No. 34.

**IT IS SO ORDERED.**

Dated: September 11, 2025

JACQUELINE SCOTT CORLEY
United States District Judge